### In re William J. WALTON, Debtor.

### Bankruptcy No. 2-88-05131.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Dec. 16, 1988.

As Amended Jan. 25, 1989.

See also, Bkrtcy., 80 B.R. 870.

William B. Logan, Jr., Columbus, Ohio, for Farm Credit Bank of Louisville.

Frank M. Pees, Worthington, Ohio, Chapter 12 Trustee.

Bruce J. Beck, Carey, Ohio, for The Commercial Sav. Bank.

## ORDER ON PENDING MOTIONS AND OTHER PLEADINGS AND DISMISSING CASE WITH PREJUDICE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a review of various pleadings filed by the debtor and by other parties-in-interest in this pending Chapter 12 case. Relief sought by the debtor includes disqualification of this bankruptcy judge, sanctions against certain state court judges, vacation of previous orders and other relief. The pending motions of creditors and the Chapter 12 Trustee primarily seek dismissal of this case.

This Court takes quite seriously her oath of commitment to fairness, even-handedness and open proceedings. Indeed, such safeguards are the foundation of our judicial system. Unfortunately that commitment occasionally also opens the judicial system to abuse by litigants. The potential for such abuse is a necessary price the judiciary pays for the commitment. This

Court accepts the fact that the possibility for abuse exists and must continue to exist lest legitimate rights be inappropriately compromised by overly restrictive procedures. Such acceptance does not, however, mean that the Court is without the means and the right to deal with such abuse when it is presented. This case triggers such powers.

This Court's review of orders and judgments submitted by parties-in-interest from state and federal courts demonstrates that this debtor previously initiated a Chapter 12 case on May 5, 1987 in the Bankruptcy Court for the Northern District of Ohio. That case was subsequently converted to a Chapter 11 case on June 30, 1987 at the debtor's request. The debtor's reorganization attempt failed to succeed. Despite the debtor's allegations that his failure resulted from inappropriate alignment or collusion with creditors of the debtor of both bankruptcy judges for the Northern District of Ohio sitting in Toledo, review of two lengthy opinions and orders issued in that case clearly demonstrates that much effort and research went into those decisions and that this *pro se* debtor was heard in that case at length. Despite the debtor's request, under general principle of *res judicata*, this Court would not and should not reexamine those issues previously determined.

Many of the pleadings filed to date in this case by the debtor accuse this judge of bias, collusion and general unfairness. Similar allegations were made against a different judge in the prior case. Many of the pleadings also seek reexamination of issues and facts already determined against the debtor in his prior case. Beyond that, however, many of the pleadings are incomprehensible and appear to request this Court to take certain actions against state court judges which would clearly be beyond the power of a federal bankruptcy judge.

On the other hand, pleadings filed on behalf of The Farm Credit Bank of Louisville, formerly Federal Land Bank ("FCB"), The Commercial Savings Bank ("Commercial") and the Chapter 12 Trustee collective-ly allege that this case was a bad faith filing, that the debtor intentionally chose an inappropriate venue, and that the debtor is ineligible for Chapter 12 relief because his debt level exceeds the jurisdictional amount set forth in 11 U.S.C. § 109(f) and § 101(17). A separate Chapter 12 case filed by the debtor's wife apparently attempts to "split" the joint liabilities.

The Court considered setting a hearing to consider all of the debtor's pleadings along with the motions of various creditors and the Chapter 12 Trustee. However, because cursory review of judgments and orders from other courts clearly establish facts which could not be subject to contest and legal issues previously determined against the debtor, the Court decided that a hearing would be a vain exercise which would serve only to foster the debtor's desire for delay and increase the already substantial costs incurred by other parties.

Accordingly, the Court finds that the debtor's attempt to have this judge disqualify herself is without basis in law or fact and must be overruled. This Court clearly has legitimate power to intervene to protect her staff from tirades from unrepresented debtors who refuse to leave the chambers area when requested and who wish to speak at unacceptable length about their views of the monetary system in this country and the unfairness of the judicial system. Litigants have appropriate legal recourse for decisions they consider inappropriate, but leaving a judge's staff no alternative but to summon a marshal is not among these options.

The Court also finds that obligations for which this debtor has liability established by judgments which cannot be divided between this debtor and his spouse for eligibility purposes clearly exceed the limit of $1,500,000 for Chapter 12 as set forth in 11 U.S.C. § 109(f) and § 101(17). Specifically, by judgment of the Court of Common Pleas of Marion County, Ohio, entered April 8, 1987, Commercial was granted two judgments against the debtor and his wife jointly for $801,710 plus interest at 14.75% from June 24, 1986 and $238,134 plus interest at 13.75% from June 24, 1986. Commercial

was also granted a judgment in the amount of $514,947 against the debtor only. In addition, FCB was granted a judgment by that same court against both the debtor and his wife in the amount of $1,704,329 plus interest. That amount had increased to $2,104,399 by June 12, 1987. It is clear that the total of such unpaid judgments far exceeds the eligibility limitation for a Chapter 12 debtor. Further, the Court finds that the debtor's residence address is indicated on his petition as Wyandot County. The location most of his real property is also in counties not included in the southern district of Ohio. Accordingly, this Court is an inappropriate venue for this case pursuant to 28 U.S.C. § 1408. Finally, the debtor has failed to comply with many of the duties and requirements of this Court's order of October 11, 1988.

Based upon the foregoing, the motions of FCB and the Chapter 12 Trustee seeking to dismiss this case should be and the same are hereby sustained. This case is dismissed with prejudice.

IT IS SO ORDERED.